IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| **CYNTHIA GALLANT**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SOUTHSIDE PIZZA LLC,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:22-cv-00019-TTC<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION FOR APPROVAL OF FLSA
COLLECTIVE ACTION SETTLEMENT, FINAL CERTIFICATION
OF STIPULATED CLASS, AND DISMISSAL WITH PREJUDICE**

Plaintiff Cynthia Gallant ("Named Plaintiff"), individually and on behalf of all others similarly situated, and Defendant Southside Pizza LLC ("Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel, jointly move the Court to: (1) certify the Parties' stipulated collective; (2) approve the terms of the Settlement Agreement and Release ("Agreement") that the Parties agreed to following negotiation, including the proposed Settlement Notice, Claim Form and proposed method of distribution; (3) dismiss this case with prejudice; and (4) retain jurisdiction to enforce the terms of the Parties' settlement. In support of this motion, the Parties state as follows:

**LEGAL STANDARD**

In the Fourth Circuit, the compromise of an FLSA claim generally must either be supervised by the Secretary of Labor or approved by the district court. *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007). To approve the settlement, a court must

1

determine that the compromise is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Blasic v. Md. State Dental Ass'n*, Civil Action No. DKC 19-1291, 2020 U.S. Dist. LEXIS 59382, at *3 (D. Md. Apr. 3, 2020) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). If the settlement is fair and reasonable, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id*. The terms of the Parties' settlement plainly comply with the spirit of *Lynn's Food Stores*.

## STATEMENT OF THE CASE AND SUMMARY OF SETTLEMENT

Named Plaintiff was employed as a delivery driver for Defendant beginning in January of 2017. At least 170 additional individuals worked as delivery drivers for Defendant at its Domino's Pizza stores since June 1, 2019. Named Plaintiff filed suit on March 29, 2022, alleging that Defendant failed to pay its delivery drivers the legal minimum hourly wage for all hours worked and overtime compensation for all hours worked in excess of forty per workweek in violation of the Fair Labor Standards Act ("FLSA") and the Virginia Minimum Wage Act ("VMWA"). ECF No. 1. Specifically, Named Plaintiff alleged that Defendant's expense reimbursement policies resulted in drivers receiving less than the IRS standard business mileage rate, and that the difference caused the drivers to be paid less than the applicable minimum wage. *Id*. Although Defendant denies Named Plaintiff's allegations, denies that the IRS rate is the appropriate standard for vehicle reimbursement, and asserts that its reimbursement policies did not result in the violation of any law, it recognizes that this is an unsettled area of the law and litigation would be expensive and time consuming.

Recognizing the risks and costs inherent in further litigation, Counsel for the Parties engaged in arm's-length settlement discussions. On August 23, Named Plaintiff and Defendant attended a Zoom mediation before experienced wage and hour mediator Allen Blair, Esq. While

the Parties were not able to reach a resolution during the mediation, they made significant strides towards settlement. Later that day, counsel for the Parties exchanged emails and ultimately reached a settlement in principle of Named Plaintiff's claims as well as a proposed settlement of the claims of a putative collective of individuals. The Parties agree that the settlement terms they reached represent a fair and equitable resolution of their bona fide dispute and have executed the Agreement attached hereto as Exhibit 1.

The Agreement's terms reflect the recognition of the risk and costs of litigation by Parties with counsel experienced in such matters. In order to avoid these risks and costs, the Parties agree that resolving this litigation in accordance with the Agreement makes sense for all concerned. The Parties therefore urge this Court to approve their settlement.

For settlement purposes only, the Parties stipulate to final certification of the following Collective under 29 U.S.C. § 216(b):

> **All persons who worked as delivery drivers for Southside Pizza, LLC at Domino's Pizza stores at any time from June 1, 2019 until the date the Court grants Approval** ("Putative Collective" or "Putative Collective Members").

The Putative Collective Members all have the same job and were subject to Defendant's expense reimbursement policy. Collective resolution of this matter is procedurally efficient, and as detailed below, substantively fair. In order to effectuate the contemplated settlement, the Parties also seek approval of the proposed Settlement Notice ("Notice") and Claim Form, attached hereto as Exhibits 2 and 3, as well as the proposed method of distribution. The Notice explains the procedures for joining the settlement and what effect joining the settlement will have on the Putative Collective Members' legal rights. In addition, the Notice emphasizes that if a Putative Collective Member chooses not to participate in the settlement, he or she will not be affected by the settlement of this case and will not release any claims against the Defendant. For

this reason, there is no concern that the rights of employees who do not participate in the settlement will be affected. *See McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated on other grounds by Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). Allowing Putative Collective Members to submit objections is not necessary. The Notice accurately informs the delivery drivers of the nature of the case, the method of calculating the proposed relief, and provides clear instructions to acknowledge acceptance of the settlement if they choose to do so. The Parties request that the Court approve the proposed form of sending notice of the settlement.

A third-party Claims Administrator will administer the settlement claims process, monitored by all counsel. The Parties selected the Claims Administrator, CAC Services Group, LLC ("CAC"). CAC has administered several similar cases for counsel for both Parties. CAC will distribute to the Putative Collective Members the Court-approved Notice and Claim Form via first-class mail along with a prepaid return envelope. The Putative Collective Members will have 60 days from the date of mailing to submit their completed Claim Forms. Putative Collective Members who timely submit their completed Claim Forms will become Authorized Claimants; Named Plaintiff and the Authorized Claimants are hereinafter collectively referred to as the "Plaintiffs." Upon receiving returned Claim Forms from CAC, Collective Counsel will file them on the public docket, redacting identifying information other than name and date of signature. The Parties request that the Court approve the proposed manner of sending notice of the settlement.

As part of settlement discussions, Defendant provided records of miles driven and reimbursement paid to Putative Collective Members. Each Authorized Claimant will receive a part of the Settlement Fund in proportion to the number of miles they were recorded to have

driven during the applicable time period with Defendant. In exchange for returning a Claim Form and being paid their allocated settlement amount, each individual agrees to a release of FLSA claims as well as any similar federal, state, municipal, or local laws. If an individual elects not to participate, their share of the settlement proceeds remains with Defendant with no impact on the settlement amount of any other Settlement Collective Member, and they do not release any claims against Defendant.

As reflected in the Parties' Agreement, the settlement amounts to be paid to Named Plaintiff include her allocated damages share as well as separate consideration as a service award. The service award to Named Plaintiff is appropriate. Named Plaintiff initiated this action and is being compensated for her efforts in helping identify the settlement collective and for undergoing the risks of pursuing the case on a collective basis instead of an individual one. Such service awards are frequently approved in collective actions. *See Irvine v. Destination Wild Dunes Mgmt.*, 204 F. Supp. 3d 846, 850 (D.S.C. 2016). This Court has previously approved similar service awards. *See Compton v. N. Cent. Va. Rests., Inc.*, Civil Action No. 5:20-cv-00073, 2022 U.S. Dist. LEXIS 159070, at *16 (W.D. Va. Sep. 2, 2022) (approving a $5,000.00 service award for the named Plaintiff).

Under these circumstances, the settlement is a fair and reasonable resolution of a bona fide dispute, and the Court should approve it.

## ATTORNEYS' FEES AND COSTS

The FLSA mandates that a court award reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. §216(b)). "[T]he attorneys' fees provision[] of the . . . FLSA exist to enable Plaintiffs to employ reasonably competent lawyers without costs to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA."

*United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass' n, Local 307 v. G & M Roofing & Sheet Metal Co. Inc.*, 732 F.2d 495, 502 (6th Cir. 1984).

In calculating an award of attorneys' fees, courts generally determine a lodestar figure by multiplying the number of reasonable hours expended by a reasonable hourly rate." *Randolph v. Powercomm Constr., Inc.*, 715 F. App'x 227, 230 (4th Cir. 2017) (quoting *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Courts in this Circuit have approved as reasonable a percentage of a common fund for attorneys' fees as high as 40%. *See Baust v. City of Virginia Beach*, 2021 U.S. Dist. LEXIS 236261, *19 (E.D. Va. 2021); *see also Lupardus v. ELK Energy Servs., LLC*, 2021 U.S. Dist. LEXIS 125310, *13 (S.D.W. Va. 2021).

Collective Counsel seek, and Defendant does not oppose, an award of attorneys' fees and costs as set forth in the Settlement Agreement. Consistent with—and discounted from—their representation agreement with Named Plaintiff, Collective Counsel would receive approximately 30% of the total settlement. This sum represents the time required for initial fact investigation and drafting of the Complaint, to analyze the mileage records produced, to engage in settlement negotiations, to arrange and participate in a mediation, and to prepare the settlement papers and pleadings.

To date, Collective Counsel has billed over $17,000.00 in fees and incurred $6,719.00 in costs on the matter, including a $3,325.00 mediation fee. More specifically, Collective Counsel has 62 hours billed to this matter, with a blended hourly rate of $281.68. In addition to these already incurred fees and costs, the settlement amount also takes into consideration anticipated time spent in communication with the Putative Collective Members regarding the settlement. As set forth in the Agreement, Plaintiff asserts that this is a fair and reasonable amount for the efforts of Collective Counsel in this action.

WHEREFORE, in light of the contested issues and the potentially protracted and expensive litigation that lies ahead, the Parties submit that the terms of their FLSA settlement represents a fair and equitable resolution of this matter. The Parties therefore respectfully request that the Court enter an order: (1) certifying the stipulated collective; (2) approving the terms of the settlement of Plaintiffs' FLSA claims, including the proposed Notice, Claim Form, and method of distribution; (3) dismissing this action with prejudice; (4) retaining jurisdiction to enforce the terms of the settlement; and granting such further relief as the Court deems just.

Respectfully submitted,

| | |
|---|---|
| */s/ Helen T. Vu* | */s/ R. Bryan Holbrook* |
| Helen T. Vu (VSB No. 95051) | R. Bryan Holbrook (VSB No. 86817) |
| HALPERIN LAW CENTER | FISHER & PHILLIPS LLP |
| 4435 Waterfront Drive, Suite 100 | 227 West Trade Street, Suite 2020 |
| Glen Allen, Virginia 23060 | Charlotte, North Carolina 28202 |
| Telephone: (804) 527-0100 | Telephone: (704) 334-4565 |
| Facsimile: (804) 597-0209 | Facsimile: (704) 334-9774 |
| Email: helen@hlc.law | Email: bholbrook@fisherphillips.com |
| | |
| */s/ Krista R. Sheets* | */s/ Matthew R. Korn* |
| Krista R. Sheets (admitted *pro hac vice*) | Matthew R. Korn (admitted *pro hac vice*) |
| Josh Sanford (admitted *pro hac vice*) | FISHER & PHILLIPS LLP |
| SANFORD LAW FIRM, PLLC | 1320 Main Street, Suite 750 |
| Kirkpatrick Plaza | Columbia, South Carolina 29201 |
| 10800 Financial Centre Pkwy, Suite 510 | Telephone: (803) 740-7652 |
| Little Rock, Arkansas 72211 | Facsimile: (803) 255-0202 |
| Telephone: (800) 615-4946 | Email: mkorn@fisherphillips.com |
| Facsimile: (888) 787-2040 | |
| Email: krista@sanfordlawfirm.com | *Counsel for Defendant* |
| Email: josh@sanfordlawfirm.com | |
| | |
| *Counsel for Plaintiff* | |

## CERTIFICATE OF SERVICE

I, Krista Sheets, hereby certify that on this, the 18th day of November 2022, I electronically filed the foregoing ***Joint Motion for Approval of FLSA Collective Action Settlement, Final Certification of Stipulated Class, and Dismissal with Prejudice*** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

R. Bryan Holbrook
FISHER & PHILLIPS LLP
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
Email: bholbrook@fisherphillips.com

Matthew R. Korn
FISHER & PHILLIPS LLP
1320 Main Street, Suite 750
Columbia, South Carolina 29201
Telephone: (803) 740-7652
Facsimile: (803) 255-0202
Email: mkorn@fisherphillips.com

*Counsel for Defendant*

                                                                                     */s/ Krista Sheets*
                                                                                     Krista Sheets