CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 26 2023

LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CYNTHIA GALLANT, *individually and on behalf of all others similarly situated*, | ) ) ) |
| Plaintiff, | ) Civil Action No. 4:22cv00019 ) |
| v. | ) **ORDER** ) |
| SOUTHSIDE PIZZA, LLC, | ) By:  Hon. Thomas T. Cullen ) United States District Judge |
| Defendant. | ) |

This purported collective action to recover unpaid wages under the Fair Labor Standards Act ("FLSA")[1] is before the court on the parties' joint motion for approval of an FLSA collective, final certification of the stipulated class, and dismissal with prejudice. (ECF No. 28.) Because this case involves claims brought under the FLSA, judicial approval of the settlement agreement is required, and the court must ensure that the proposed settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Foods Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982).

As this case concerns alleged underpayment of pizza delivery drivers,[2] the parties propose as the applicable collective: "All persons who worked as delivery drivers for Southside Pizza, LLC at Domino's Pizza stores at any time during the Release Period," which is defined as "the period from June 1, 2019 through" the date the court approves the proposed

---

[1] Plaintiff Cynthia Gallant also brought a claim under the Virginia Minimum Wage Act, but she does not propose that claim as a class action under Federal Rule of Civil Procedure 23.

[2] Plaintiff alleges "that Defendant's expense reimbursement policies resulted in driver's receiving less than the IRS standard business mileage rate, and that this difference caused the drivers to be paid less than the applicable minimum wage." (Joint Mot. for Approval p. 2, Nov. 18, 2022 [ECF No. 28].)

settlement. (Proposed Collective Notice p. 2 [ECF No. 28-2].) The proposed settlement agreement:

> obligates Defendant to pay up to a potential maximum settlement amount . . . of Seventy-Three Thousand and 00/100 Dollars ($73,000.00). This maximum payment is "all inclusive." It includes, but is not limited to: alleged unpaid reimbursements, alleged unpaid minimum wage pay, alleged unpaid overtime pay, any and all associated penalties, interest, costs, attorneys' fees, claims administration costs, a service payment to the Collective Representative, and all other settlement related payments and costs.

(*Id.* at 2–3.) From that $73,000, the parties are requesting: $22,000 in attorneys' fees; up to $12,500 for "all costs incurred in administering the settlement"; and $5,000 as a service payment to Plaintiff, the Collective Representative. (*Id.* at 4–5.) That leaves approximately $33,500 to pay the claims of all members of the collective who "opt in." (*See id.* at 5.) For each member of the collective who "opts in," the settlement agreement sets forth a formula to determine his or her recovery, based primarily on the number of delivery miles driven divided by the "Settlement Class Miles"[3] to determine his or her "Payment Ratio." (*See id.* at 5–6.)

When considering whether a proposed FLSA settlement is fair, adequate, and reasonable, courts consider the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery.

---

[3] The "Settlement Class Miles" are the total number of miles driven by all members who are eligible to "opt in" to the settlement, regardless of whether they elect to participate in this settlement. Given the number of miles the parties project the "Settlement Class Miles" to be, the court estimates that those who opt-in will receive approximately $.02 per mile driven during the relevant period, with a guaranteed minimum payment of $15.00.

- 3 -

*Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (cleaned up); *see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). Here, considering the applicable factors, the parties have demonstrated that the proposed settlement represents a reasonable compromise of a bona fide dispute as to Defendant's alleged liability for Plaintiff's (and other members of the collective who "opt in") FLSA claims.

The relevant factors all weigh in favor of approving the settlement. Although the parties conducted minimal discovery, they exchanged critical records, including the identities of potential collective members and mileage and wage data for these employees. This information enabled the parties to ascertain the true extent of the alleged underpayment and negotiate a fair, informed compromise.

Recognizing the risks associated with continued litigation, the parties reached the instant settlement after an arms-length negotiation facilitated by a neutral mediator with experience in wage-and-hour claims. There is no evidence or suggestion of fraud or collusion in the proposed settlement, and counsel have taken efforts to minimize the costs and expense of this litigation in favor of a speedy and just resolution to the dispute. Moreover, counsel is experienced in these types of claims, and that experience is evident in the resolution they propose in this case.

As to Plaintiff's probability of success on the merits: at the hearing on the parties' joint motion to approve the proposed settlement, counsel informed the court that, during the limited discovery, it was discovered that the delivery drivers who would make up to proposed collective were actually paid more than the parties initially believed. To some degree, this discovery decreases Plaintiff's chance of success on the merits, making a settlement a more

favorable outcome for her (and other members who elect to opt in) as opposed to risking the uncertainty and expense of trial. And considering that drivers who form the collective were paid more than originally believed, the amount of the settlement in relation to the potential recovery strongly favors approval of the proposed settlement.

In sum, the relevant factors strongly favor the proposed FLSA settlement. Accordingly, the court finds that the proposed settlement represents a fair, reasonable, and adequate resolution of a bona fide dispute. It is hereby **ORDERED** that the parties' joint motion (ECF No. 28) is **GRANTED**, the proposed collective is **CERTIFIED**, the terms of the parties' proposed settlement are **APPROVED**, and this action is **DISMISSED WITH PREJUDICE**. The court will **RETAIN** jurisdiction over this matter to enforce the terms of the settlement.

The Clerk is directed to forward a copy of this Order to all counsel of record.

**ENTERED** this 26th day of January, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE